IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CHARLES ROGERS,<br><br>           Plaintiff,<br><br>v.<br><br>MIKE ARCHEL et al.,<br><br>           Defendant. | 1:13-cv-1058-WSD |

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [4] ("R&R") recommending that this action be dismissed for Plaintiff's failure to advise the Clerk of the Court of his current address and contact information.

I.     BACKGROUND

On April 1, 2013, Plaintiff Charles Rogers ("Plaintiff"), then an inmate at the Cobb County jail, proceeding *pro se*, filed this action alleging civil rights abuses.  On April 5, 2013, Magistrate Judge King ordered Plaintiff, within thirty (30) days, to either pay the Court's standard $350 filing fee or submit an *in forma pauperis* ("IFP") application.  He also ordered Plaintiff to submit an amended complaint that complied with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  (Doc. 2 at 1-2).  The April 5th Order was mailed to the Plaintiff's address of record, but was returned marked as "undeliverable – not in custody and unable to forward."  (R&R at 1).

On May 15, 2013, the Magistrate Judge issued the R&R now before the Court.  In it, the Magistrate Judge recommended that Plaintiff's Complaint be dismissed without prejudice pursuant to Local Rule 41.2(C) because Plaintiff failed to notify the Court of his current address, and as a result, the Court is unaware of "Plaintiff's whereabouts."  (Id.).

## II.     DISCUSSION

### A.     Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1) (Supp. V 2011); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  If no party has objected to the report and recommendation, a court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B. <u>Analysis</u>

As the Magistrate Judge noted in her May 15, 2013 R&R, the Court currently does not have any information about Plaintiff's address and does not have other contact information for him. Plaintiff's failure to provide the Court with accurate contact information has delayed and adversely affected the management of this case, including because these proceedings cannot continue without being able to communicate with Plaintiff.

Local Rule 41.2(C) provides that

> [t]he failure . . . of a party appearing *pro se* to keep the clerk's office informed of any change in address and/or telephone number which causes a delay or otherwise adversely affects the management of the case shall constitute grounds . . . for dismissal of the action without prejudice.

The Court does not find plain error in the Magistrate Judge's findings and recommendations in her R&R that this action be dismissed without prejudice.

## III. CONCLUSION

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [4] is **ADOPTED**, and this action is **DISMISSED WITHOUT PREJUDICE** pursuant to Local Rule 41.2(C).

**SO ORDERED** this 6th day of September, 2013.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE